1
2
3
4
5
6

# IN THE UNITED STATES DISTRICT COURT

7

# FOR THE DISTRICT OF ARIZONA

8

9 | Pamela Ruggeroli,

10 | Plaintiff,

11 | v.

12 | Residential Real Estate Council and Alex
Milshteyn,

13

14 | Defendants.

No. CV-23-00259-TUC-JAS

**ORDER**

15     Pending before the Court is Defendants Residential Real Estate Council ("RRC")

16 and Alex Milshteyn's Motion to Strike Plaintiff Pamela Ruggeroli's First Amended

17 Complaint (Doc. 20), Ruggeroli's Response (Doc. 21), and RRC and Milshteyn's Reply

18 (Doc. 22). Ruggeroli amended her Complaint for defamation per se, defamation per quod,

19 and false light invasion of privacy under Federal Rules of Civil Procedure 15(a). RRC and

20 Milshteyn ("Defendants") move this Court to strike the First Amended Complaint on the

21 grounds that the First Amendment Complaint is untimely under Rule 15(a)(1) and futile

22 under Rule 15(a)(2). For the reasons set forth in this Order, Defendant's motion is granted

23 in part and denied in part.[1]

24                                    **I.**

25     On May 5, 2023, Plaintiff filed her complaint for defamation per se, defamation *per*

26 *quod*, and false light invasion of privacy. **Compl., Doc. 1-5.** In response to Plaintiff's

27 complaint, RRC and Milshteyn filed separate motions to dismiss. RRC filed its motion to

28 

---

[1] Milshteyn was dismissed from this action in Doc. 25. Therefore, the motion to strike is moot as to Milshteyn but remains live as to RRC.

dismiss on June 22, 2023. **Motion to Dismiss, Doc. 11**. Milshteyn filed his own motion to dismiss on August 28, 2023. **Motion to Dismiss, Doc. 17.** Plaintiff filed her First Amended Complaint on September 18, 2023, 88 days after RRC's motion to dismiss and 21 days after Milshteyn's. **Notice of Filing of Plaintiff's First Amended Complaint, Doc. 19.** The Court has granted Milshteyn's motion to dismiss on personal jurisdiction grounds and has granted RRC's motion to dismiss in part and denied it in part, dismissing the defamation per se and defamation per quod claims in the original Complaint. **Doc. 25.** Defendants now seek to strike Plaintiff's First Amended Complaint under Rule 12(f) for untimeliness and futility. **Motion to Strike, Doc. 20.**

## II.

Under Federal Rule of Procedure 12(f), this Court may strike "any redundant, immaterial, impertinent, or scandalous" pleading if the opposing party files a motion within 21 days of the pleading. Here, Plaintiff filed her First Amended Complaint on September 18, 2023 and Defendants filed their Motion to Strike on October 2, 2023, within the allotted 21 days. Thus, this Court has sufficient grounds to consider striking Plaintiff's First Amended Complaint if it was filed unlawfully under Rule 15(a).

### A.

Plaintiff is not entitled to amend her Complaint as a matter of course.

A party may amend its pleading once as a matter of course within

(A) "21 days after serving it, or

(B) "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."

Fed. R. Civ. P. 15(a)(1)(A)–(B).

In 2009, Rule 15 was amended. Before the amendment, some courts held that "[i]f there is more than one defendant, and not all have served responsive pleadings, [Rule 15(a) permits] the plaintiff [to] amend the complaint as a matter of course with regard to those defendants that have yet to answer." *Williams v. Savage*, 569 F. Supp. 2d 99, 104 (D.D.C.

2008) (citing 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Fed. Prac. & Proc. 2d § 1481). However, accompanying the 2009 amendment to Rule 15, the Committee Advisory Notes clarified, "The 21-day periods to amend once as a matter of course after service of a responsive pleading or after service of a designated motion are not cumulative." Accordingly, if one defendant files a 12(b) motion at an earlier date and another defendant files his or her own 12(b) motion later, the 21-day period does not restart upon the second defendant filing the later motion. *See, e.g.*, *U.S. ex rel. Carter v. Halliburton Co.*, 144 F. Supp. 3d 869, 878 (E.D. Va. 2015) ("[T]he twenty-one day period to amend as a matter of course begins on the date of the earliest defensive action."); *Doe v. Gupta*, Case No. 3:22-cv-1122, 2023 WL 6290625, at *2 (N.D. Ohio Sep. 27, 2023) ("[A] plaintiff's 21-day clock to amend without leave of court applies to the case as a whole, not to individual defendants, and it begins to run with the first responsive pleading or Rule 12 motion filed in the case."); *Wilkie v. CTW Acquisition, LLC*, No. 16-CV-1784, 2017 WL 10505349, at *3 (D. Minn. July 25, 2017) ("In cases that involve multiple defendants, the 21-day period to amend the complaint begins to run when the first responsive pleading or Rule 12(b) motion to dismiss is filed, and that time limit does not reset when a different defendant files a later response.").

Here, Plaintiff may not amend her Complaint by right because she did not file her First Amended Complaint within 21 days of RRC's motion to dismiss. Although Plaintiff filed her First Amended Complaint within 21 days of Milshteyn's motion to dismiss, she filed it 88 days after the first 12(b) motion, RRC's motion to dismiss. Because Rule 15(a) is not cumulative following the 2009 amendment, Plaintiff had to file her First Amended Complaint within 21 days of RRC's Motion to Dismiss to amend her Complaint as a matter of right. She did not do so, so the Court must grant her a leave if she is to lawfully amend her Complaint.

## B.

If a party is not entitled to amend its pleading as a matter of course, the "party may amend its pleading only with the opposing party's written consent or the court's leave. The

court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The court shall grant leave to amend with "extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). Consequently, when the plaintiff can plead a "viable case," the court should be inclined to grant a leave to amend. *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (citing *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002)). Nonetheless, the court may still deny leave to amend based on the presence of four factors: prejudice to the opposing party, bad faith, undue delay, or futility. *Owens*, 244 F.3d at 712 (quoting *Griggs v. Pace Am. Grp.*, 170 F.3d 877, 880 (9th Cir. 1999)).

Here, Plaintiff's First Amended Complaint sufficiently resolves the deficiencies in the original complaint's defamation per se claim, but is futile in resolving the grounds for dismissing the defamation per quod claim. Defendants did not assert that Plaintiff's First Amended Complaint prejudiced them, was a product of bad faith, or would cause undue delay in their Motion to Strike. Because the Plaintiff's First Amended Complaint does not add or change any of the claims set out in the original complaint and there is no evidence to suggest Plaintiff waited to file her First Amended Complaint for a prejudicial reason, the Court agrees that there are no grounds to deny the First Amended Complaint for prejudice, bad faith, or undue delay.

Regarding futility, the Court will only consider the claims for defamation per se and defamation per quod, the two claims the Court dismissed from the original Complaint. Plaintiff's First Amended Complaint adequately resolves the grounds for the dismissal of the defamation per se claim. The Court dismissed the defamation per se claim because the original Complaint contained no statements by Defendants that were facially defamatory. **[DOC. ##].** The First Amended Complaint, by contrast, stated that "Milshteyn, in his individual capacity, and RRC falsely told others that Savard's presence at the unofficial reception constituted misconduct by Plaintiff." **Doc. 19-1 ¶49**. If assumed true, a false statement from Defendants that Plaintiff committed some wrongdoing is facially

defamatory and therefore provides a factual basis for a defamation per se claim.

However, the First Amended Complaint does not sufficiently resolve the grounds for dismissal of the defamation per quod claim. The Court dismissed the defamation per quod claim because the original complaint did not plead special damages. The First Amended Complaint adds, "Plaintiff's removal from her position as President of RRC based on Milshteyn's defamatory statements has caused Plaintiff to suffer damages including severe emotional distress, difficulty and/or an inability to sleep, eat, and enjoy life, and a loss to her reputation in her professional community." **Doc. 19-1 ¶92**. Special damages are "actual pecuniary losses." *F.A.A. v. Cooper*, 566 U.S. 284, 295 (2012). "[L]oss of reputation, shame, mortification, injury to the feelings and the like" constitute general damages, not special damages. *Id.* at 295–96. Thus, the First Amended Complaint is futile in addressing the deficiencies in the original complaint's defamation per quod claim.

### III.

Defendants seeks to strike Plaintiff's First Amended Complaint for untimeliness and futility. Plaintiff is not entitled to amend her Complaint as a matter of course. The Court grants Plaintiff a leave to amend her Complaint in part. Paragraphs 93 through 100, the defamation *per quod* claim, of the First Amended Complaint are stricken for futility. The remaining paragraphs in the First Amended Complaint are permitted to remain. Accordingly,

///
///
///
///
///
///
///
///
///

**IT IS ORDERED** that Defendant's Motion to Strike (Doc. 20) is **granted in part** and **denied in part**.

**IT IS FURTHER ORDERED** that Plaintiff shall file a revised copy of the First Amended Complaint exactly as it was filed at Doc. 19 but without claims as to Alex Milshteyn and without the defamation *per quod* claim as to RRC. Plaintiff shall also file a redline copy indicating the changes between the First Amended Complaint as filed at Doc. 19 and the revised copy.

Dated this 27th day of September, 2024.

Honorable James A. Soto
United States District Judge