# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pamela Ruggeroli, | No. CV-23-00259-TUC-JAS |
| Plaintiff, | **ORDER** |
| v. | |
| Residential Real Estate Council, | |
| Defendant. | |

The Court has reviewed the parties' Joint Proposed Case Management Report (Doc. 41). Consistent with that report and pursuant to Rule 16(b), Fed. R. Civ. P., **IT IS HEREBY ORDERED:**

    A.    All Initial Disclosures as defined in Rule 26(a), Fed. R. Civ. P., are agreed to be completed on or before **November 21, 2025.** The parties shall file only a **Notice of Initial Disclosure** with the Clerk of the Court, rather than copies of the actual disclosures.

    B.    The parties have until **December 3, 2025** to join additional parties, and until **January 1, 2026** to move to amend the pleadings. Thereafter, the Court will not entertain such motions unless good cause under Rule 16, Fed. R. Civ. P., is shown.

    C.    All pretrial disclosures shall be completed as follows:

        1.  Rule 26(a)(3) factual discovery and witnesses shall be disclosed on or before **June 1, 2026;**

        2.  Rule 26(a)(2) expert disclosures shall be disclosed on or before **September 1, 2026**;

   3. Rebuttal expert disclosures, if any, shall be disclosed on or before **October 15, 2026;**

   4. All expert depositions shall be completed on or before **November 30, 2026.**

Supplemental disclosures and discovery responses shall thereafter be made as required by Rule 26(e) of the Federal Rules of Civil Procedure. Pursuant to Rule 33 of the Federal Rules of Civil Procedure, interrogatories are limited to twenty-five (25) in number, including all discrete sub-parts. Leave of Court is required to serve additional interrogatories. Discovery requests must be served and depositions noticed sufficiently in advance of this date to ensure reasonable completion by the deadline, including time to resolve discovery disputes. All motions or requests for extension of discovery deadlines must include a summary of the discovery conducted to date, the anticipated discovery to be done if the request is granted, and the reasons why discovery has not been completed within the deadline.

 All other presumptive limits on discovery as set forth in Rule 26(b)(2) shall apply. The parties are directed to LRCiv 7.2(j), Rules of Practice of the United States District Court for the District of Arizona, which prohibits filing discovery motions unless the parties have first met to resolve any discovery difficulties. If the parties are unable to resolve a discovery dispute and Court action is required, the parties shall file a written motion with the Court; the parties shall not contact the Court telephonically to resolve their dispute.

 D. The parties shall engage in face-to-face good faith settlement talks on or before **July 1, 2026**. The parties shall submit to the Court a brief Joint Settlement Status Report on or before **July 1, 2026,** and every 120 days thereafter.[1]

 E. Dispositive motions shall be filed on or before **December 30, 2026.**

---

[1] Plaintiff Pamela Ruggeroli requests a settlement conference. (Doc. 41 at 4). Defendant Residential Real Estate Council asserts the request is premature. (*Id.*) As such, the Court declines to order a settlement conference at this time. If both parties later agree that a settlement conference would be useful, they shall file a stipulation, and the Court will address it at that time.

A party filing a dispositive motion shall file only one dispositive motion which incorporates all relevant arguments. The dispositive motion shall be limited to 17 pages as required by LRCiv 7.2(e); responses are limited to 17 pages and replies are limited to 11 pages.[2] *See* LRCiv 7.2(e).

Parties are prohibited from simultaneously filing multiple dispositive motions directed at separate counts or issues in a case. While it is proper to file one motion to dismiss early in the litigation and one motion for summary judgment after discovery has been completed, it is not proper to simultaneously file multiple motions to dismiss or multiple motions for summary judgment directed to separate counts or issues. The Court views the filing of such multiple motions as an attempt to subvert the Local Civil Rules establishing page limits which encourage the parties to be concise in their arguments; if necessary, the parties may seek leave to exceed page limits to include all their arguments in one motion to dismiss or one motion for summary judgment. Furthermore, filing successive motions to dismiss or motions for summary judgment after the Court has already resolved such a motion is extremely inefficient and often causes long and unnecessary delays.

If a party files a successive motion to dismiss or motion for summary judgment after such a motion has been resolved by the Court, the successive motion to dismiss or motion for summary judgment will likely be summarily denied as a motion for reconsideration. The Court also notes that if a party files an early summary judgment motion before discovery has closed, the Court will likely grant an opposing party's request to complete necessary discovery to properly oppose the motion; in such circumstances, the early motion for summary judgment would be denied without prejudice pending completion of necessary discovery.

The parties have leave of the Court, pursuant to LRCiv 7.2, to file a motion,

---

[2]The Court notes that all motions and filings must comply with the Local Rules, and non-compliant filings may be disregarded or stricken. *See* LRCiv 7.1(b)(1). Requests to exceed page limits (whether in the form of a motion, unopposed motion, or stipulation) will likely be denied, and as such, the parties should plan to be concise in their arguments and comply with the Local Rules on page limits and formatting. *See* LRCiv 7.2(e), 7.1(b)(1).

1  opposition and reply. No other (supplemental) pleading will be considered by the Court,
2  unless a motion for leave to file said pleading is granted by the Court.

3       All pleadings submitted for the court's review must comply with the filing, time,
4  and form requirements of the Local Rules. Any motion, pleading, or other document
5  which is submitted with more than one exhibit must be accompanied by a Table of
6  Contents; any exhibits must be indexed with tabs which correspond to the Table of
7  Contents.

8       F.    Counsel shall file a Joint Proposed Pretrial Order **30 days after the Court's**
9  **ruling on any dispositive motions, or 60 days after the dispositive motion deadline**
10 **if no dispositive motions are filed.** It is the responsibility of Plaintiff's counsel to initiate
11 the communication necessary to prepare this joint filing.

12      Motions in limine (which includes *Daubert*/Rule 702 motions) shall be filed no
13 later than fourteen (14) days after the filing of the proposed Joint Pretrial Order.
14 Responses to motions in limine are due fourteen (14) days after the filing of the motions
15 in limine. Unless otherwise ordered by the Court, no replies are permitted and motions in
16 limine and responses thereto shall not exceed five (5) pages. Typically, after the Court
17 has issued an Order addressing motions in limine, the Court will then issue Orders
18 pertaining to dates for the trial, pretrial conference, and the filing of proposed jury
19 instructions, voir dire and verdict forms. Motions in limine are discouraged if the parties
20 can informally resolve the issues without Court intervention. Therefore, the parties must
21 confer prior to the filing of a motion in limine to determine whether it can be avoided.
22 Motions in limine must be accompanied by a notice of certification of conferral indicating
23 that the parties have conferred to determine whether a motion in limine can be resolved
24 through agreement and have been unable to agree on a resolution of the motion. Motions
25 in limine that do not contain the required certification may be stricken by the Court.

26      G.    The parties cannot, without Court approval, extend the deadlines imposed
27 by the Court. All motions or requests for extension of time shall comply with LRCiv 7.3.
28      H.    To avoid the appearance of impropriety by the Court or the parties and to

preserve a proper record in the event of any appeal, all communication with the Court shall occur via a written motion filed into the official docket. The parties shall not contact the Court's staff (i.e., Law Clerks or the Judicial Assistant) telephonically or by e-mail to ask questions or express concerns regarding cases pending before the Court, and the Court has directed its staff not to entertain any such informal communication. While the parties may give the Court's staff a courtesy call to give them notice of an emergency motion, settlement, or last-minute stipulation to adjust deadlines, all other communication with the Court shall occur via a written motion.

     I.     The parties must file a proposed order with any motion or stipulation filed with the Court and such documents must comply with the applicable requirements in the local rules.[3] *See, e.g.*, LRCiv 5.4, 5.5, 7.1, 7.2; Electronic Case Filing Administrative Policies and Procedures Manual in the United States District Court for the District of Arizona ("Manual"). All proposed orders must be emailed to chambers (soto_chambers@azd.uscourts.gov) in Word format. *See id.*; Manual at 12-13 (describing pertinent e-filing procedures in detail). In addition, if a motion is opposed, the opposing party shall file and email to chambers a proposed order denying the motion. To the extent the parties file any motions, responses, or replies as to substantive matters (such as motions for: injunctive relief, to dismiss, for summary judgment, to compel, sanctions, etc.), the parties shall email Word copies of the motions, responses, or replies to chambers. Lastly, the parties shall also email Word copies of any separate statement of facts in support of, or in opposition to, summary judgment or other dispositive motions.

     J.     Paper copies of all filings must be mailed (except as noted below) to chambers (LRCiv 5.4); any motion, pleading, or other document which is submitted with more than one exhibit must be accompanied by a Table of Contents and the exhibits must be indexed with tabs which correspond to the Table of Contents. Anytime a party files a motion, response, reply, or other brief with the Court, the party must mail the Court paper

---

[3]Pro se parties are exempt from this requirement; a proposed order is not required in relation to dispositive motions.

1  copies of all authority cited in the brief which shall be included in a binder with a table
2  of contents and exhibit tags corresponding to the authority cited. Such authority includes,
3  but is not limited to, case law, rules, statutes, regulations, and treatises. To the extent case
4  law, rules, statutes, or regulations are cited, the entire case, rule, statute or regulation shall
5  be included in the binder. The case law shall be organized in alphabetical order. To the
6  extent treatises are cited, only the section(s) relied upon shall be included in the binder.
7  As to all of the authority cited which must be included in the binder, the parties shall also
8  tag (with a post-it) the specific page(s) cited in their briefs and highlight (by circling with
9  a pen or using a highlighter) the portion of the case, rule, statute, regulation, or treatise
10 that supports the citations of authority relied upon in their briefs. Within seven days after
11 a document is filed, the parties shall provide the Court with paper copies in strict
12 compliance with this Order and file a notice that they have strictly complied with the
13 requirements in this Order; failure to timely file this required notice will be viewed as a
14 party's admission that they have failed to comply with this Court's Order.[4] If an
15 emergency motion is filed (including, but not limited to, a motion for a temporary
16 restraining order, preliminary injunction, emergency stay, or other motion that warrants
17 expedited action) that requires more immediate attention from the Court, the parties shall
18 provide the required paper copies no later than one business day (or sooner if possible)
19 after the motion, response or reply is filed pertaining to any emergency motion. If a party
20 fails to submit the required authority binder and other paper copies required by this
21 Order,[5] the Court may summarily deny or grant a motion as applicable to the party that
22 failed to comply with this Order, and the Court may dismiss the case with prejudice or
23 enter a default judgment as to the non-complying party.
24     K.    If any portion of a pleading or other document filed on this Court's docket

---

[4]The parties are not required to provide paper copies of stipulations and unopposed motions to continue and need not provide authority binder as to stipulations and unopposed motions to continue.

[5]On rare occasions, the Court may find it necessary to issue an Order before the deadline to the submit the required binders expires; in these circumstances, the binder requirement becomes moot, and the parties are not required to submit binders.

has been drafted (in whole or in part) using generative artificial intelligence, including, but not limited to ChatGPT, Harvey.AI, or Google Bard, all attorneys and pro se litigants filing such pleadings or other documents shall verify that any language that was generated in any form by AI was checked for accuracy by using print reporters, traditional legal databases, or other reliable means by a human being. AI systems hold no allegiance to any client, the rule of law, factual or legal accuracy, or the laws and Constitution of the United States, and are not factually or legally trustworthy sources without verification by a human being. If any portion of a pleading or any other document filed on this Court's docket has been drafted (in whole or in part) using AI, all attorneys and pro se litigants filing such pleadings or other documents shall also simultaneously file a separate document entitled "Notice of Use of Artificial Intelligence" that: (a) identifies the AI program used and specifically identify all specific portions (i.e., citing page and line numbers) that have been drafted (in whole or in part) by AI[6]; and (b) certify that any language that was generated in any form by AI was verified for accuracy by using print reporters, traditional legal databases, or other reliable means by human being.

L.  Failure to comply with all provisions of this Order may be grounds for the imposition of sanctions, including possible dismissal of this action with prejudice or entry of default, on any and all counsel as well as on any party who causes non-compliance with this Order.

Dated this 18th day of November, 2025.

_____
Honorable James A. Soto
United States District Judge

---

[6] For example, if AI was used in drafting a response opposing summary judgment, a "Notice of Use of Artificial Intelligence" would specify that AI was used in the Response to the Motion for Summary Judgment, what form of AI was used, and where that form of AI was used in drafting the response (i.e., p. 3 (lines 7 to 25); p. 6 (lines 1-18), p. 11 (lines 14 to 20), etc.

- 7 -